Filed 10/17/25  P. v. Jeffers CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>DONNELL DARRELL JEFFERS,<br><br>        Defendant and Appellant. | A168974<br><br>(San Mateo County<br>Super. Ct. No. SC036263A) |

In 1996, Donnell Darrell Jeffers was sentenced to 58 years to life in prison after being convicted of murder, attempted murder, assault with a semiautomatic firearm, and unlawful possession of a semiautomatic firearm. In 2023, Jeffers petitioned for resentencing under Penal Code section 1172.75.[1]  The trial court struck a one-year prior prison term enhancement but decided against striking any additional enhancements, finding Jeffers remained a danger to others.  Jeffers claims the trial court abused its discretion in failing to consider his postconviction injuries.  We affirm.

## BACKGROUND

In November 1995, a jury found Jeffers guilty of four felony counts: second degree murder of Karina Ungo (count 1, § 187, subd.(a)); attempted murder of Frank D. (count 2, §§ 664/187, subd. (a)); assault with a semi-

---

[1]      Undesignated statutory references are to the Penal Code, unless otherwise stated.

1

automatic firearm (count 3, § 245, subd. (b)); and felon in possession of a firearm (count 4, § 12021, subd. (a)). The jury also found true an enhancement for personal use of a handgun (§ 12022.5, subd. (a)) on counts one through three. The trial court found true a prior strike allegation (§ 1170.12, subd. (c)(1)), one serious felony prior allegation (§ 667, subd. (a)), and one prior prison term allegation (§ 667.5, subd. (b).)

In February 1996, the trial court sentenced Jeffers to a total of 58 years to life in prison, comprised of: a 39-years-to-life term for count 1 (an indeterminate term of 15 years, doubled based on the prior strike, plus a midterm of four years for the personal use of a firearm enhancement and five years for the serious felony prior); a 19-year consecutive term for count 2 (midterm of 7 years, doubled based on the prior strike, plus a midterm of four years for the personal use of a firearm enhancement and one year for the prison prior); a 13-years and four-month term for count 3 and its enhancements (stayed under section 654); and a four-year concurrent term for count 4 (midterm of two years, doubled based on the prior strike).

In August 2023, Jeffers petitioned the trial court for resentencing pursuant to section 1172.75. At the resentencing hearing in October 2023, Jeffers's counsel discussed the fact that Jeffers was shot in the neck during a 1996 prison disturbance, which was not mentioned in his state court record. Jeffers's counsel raised various factors for the court's consideration, including the physical effect that the shooting and the passage of time had on Jeffers, his sense of remorse, the trauma he experienced as a child and adult, his substance abuse, his potential mental illness, his youthful age (27 years old) at the time of the offense, and the fact that he has been reclassified down multiple times and took anger management courses to improve himself.

2

Jeffers also testified at the resentencing hearing. He described having been shot in the neck by a "mini 14 rifle" during a prison disturbance. He spent nine months in the hospital and underwent twelve surgeries. Jeffers had a metal plate placed on his jawbone and has a hole in his mouth affecting his speech. And damage to his eye socket left his face disfigured. After the shooting, Jeffers could not hear out of his right side due to bullet fragments lodged in his ear, and he suffers from vertigo, chronic migraines, and high blood pressure.

On cross-examination, the People questioned Jeffers about his record of violence in prison, including when he threatened correctional officers in 2000 and 2001, and his involvement in several fights in 2001, 2006, 2007, 2014, and 2018. The People's point was that none of the physical ailments and impairments resulting from the 1996 prison shooting inhibited Jeffers from making threats and fighting in prison.

The trial court found section 1385 was applicable to the resentencing. After considering the arguments and Jeffers's testimony, the court struck his prior prison term enhancement (§ 667.5, subd. (b)), finding it was unlawful. The court also "strongly considered the other parameters set forth in [section] 1172.75" and identified two changes to the sentencing law applicable here. First, the original trial court did not have discretion to strike section 667, subdivision (a) serious felony prior allegations, but a subsequent change in law provided the court with discretion to do so. The court considered the new information and briefing provided during the resentencing but declined to strike the section 667, subdivision (a) allegation.

Second, the trial court noted that section 1385, subdivision (c) was amended to provide new guidance in sentencing when there are multiple enhancements to consider. Based on the new guidance, the court declined to

3

strike any of the multiple enhancements imposed during the original sentencing. The court explained, "I do find that striking any of those enhancements would endanger public safety because I find that there is a likelihood that the dismissal of these enhancements which would result in a shorter period of incarceration for Mr. Jeffers would pose a threat of physical injury or serious danger to others. [¶] I do not accept the proposition that simply because of his age coupled with whatever physical ailments he may now suffer from as a result of one, aging and two, having been shot 25 years ago means that he's not a physical danger to others. The record demonstrates the complete opposite of that."

The trial court went on to note that Jeffers's history in prison is "replete with threats of violence and actual violence, even as soon as five years ago," or approximately 20 years after being shot. The court was particularly worried about Jeffers's "behavioral issue[s] and [his] inability to control his emotions or temper," which did not "seem to have abated significantly during his time of incarceration." The court also found Jeffers's testimony minimized his responsibility for the underlying offenses, showing his lack of insight and his unwillingness to address his behavioral issues.

The trial court additionally found that Jeffers had done nothing to address his violent nature while in prison. The court was unimpressed that Jeffers attended ten sessions of anger management back in 1998 and 1999, noting it was "quite stark and quite surprising that he has not participated in any other types of counseling and/or therapy as it relates to behavior modification" or "done anything to address substance use or abuse." The court held that Jeffers's failure to seek education and gain insight into his violent behavior "leaves him in a position where he continues to pose an unreasonable risk of harm to others if I were to reduce his sentence."

4

The trial court then resentenced Jeffers to 53 years to life, consisting of a 30-year indeterminate term for count 1 (an indeterminate term of 15 years, doubled based on the prior strike), a 23-year consecutive term for count 2 (midterm of 7 years, doubled based on the prior strike, plus a midterm of four years for the personal use of a firearm enhancement and five years for personal use of an assault weapon enhancement), a 13-year and four-months term for count 3 and its enhancements (stayed under section 654), and a four-year concurrent term for count 4 (midterm of two years, doubled based on the prior strike).

## DISCUSSION

"Before 2020, the Penal Code instructed criminal sentencing courts to 'impose a one-year term for each prior separate prison term or county jail term' the defendant had previously served for a felony. [Citation.] Effective January 1, 2020, the Legislature eliminated these one-year prior-prison-term enhancements except in cases involving prior terms for sexually violent offenses. (Stats. 2019, ch. 590, § 1.) Two years later, the Legislature made the change retroactive. (Stats. 2021, ch. 728, §§ 1, 3.) In Penal Code section 1172.75, the Legislature declared that, aside from enhancements imposed for sexually violent offenses, '[a]ny sentence enhancement that was imposed prior to January 1, 2020, pursuant to' Penal Code 667.5, subdivision (b) 'is legally invalid.' (Pen. Code, § 1172.75, subd. (a), added by Stats. 2021, ch. 728, § 3.)" (*People v. Rhodius* (2025) 17 Cal.5th 1050, 1053–1054 (*Rhodius*).) "A defendant serving a term for a judgment that includes a now-invalid enhancement is entitled to resentencing. (§ 1172.75, subds. (a), (c).)" (*Id.* at p. 1055.)

As summarized in *Rhodius*, "[s]ection 1172.75, subdivision (d) sets forth detailed instructions for resentencing once a sentence has been recalled. As

5

relevant here, subdivision (d) specifies:  'Resentencing pursuant to this section shall result in a lesser sentence than the one originally imposed as a result of the elimination of the repealed enhancement, unless the court finds by clear and convincing evidence that imposing a lesser sentence would endanger public safety.  Resentencing pursuant to this section shall not result in a longer sentence than the one originally imposed.'  (*Id.*, subd. (d)(1).)  The trial court must 'apply the sentencing rules of the Judicial Council' as well as 'any other changes in law that reduce sentences or provide for judicial discretion so as to eliminate disparity of sentences and to promote uniformity of sentencing.'  (*Id.*, subd. (d)(2).)  In addition, the court may 'consider postconviction factors, including, but not limited to, the disciplinary record and record of rehabilitation of the defendant while incarcerated, evidence that reflects whether age, time served, and diminished physical condition, if any, have reduced the defendant's risk for future violence, and evidence that reflects that circumstances have changed since the original sentencing so that continued incarceration is no longer in the interest of justice.'  (*Id.*, subd. (d)(3).)"  (*Rhodius*, *supra*, 17 Cal.5th at p. 1055.)

Section 1385, subdivision (a), continues to permit a trial court to dismiss an enhancement "in furtherance of justice" upon resentencing.  (See *People v. Rogers* (2025) 108 Cal.App.5th 340, 361–362.)  And as enacted by Senate Bill No. 81 (2021-2022 Reg. Sess.), new section 1385, subdivision (c)(1) provides that "the court shall dismiss an enhancement if it is the furtherance of justice to do so, except if dismissal of that enhancement is prohibited by any initiative statute."  "In exercising its discretion under this subdivision, the court shall consider and afford great weight to evidence offered by the defendant to prove that any of the mitigating circumstances in subparagraphs (A) to (I) are present.  Proof of the presence of one or more of

these circumstances weighs greatly in favor of dismissing the enhancement, unless the court finds that dismissal of the enhancement would endanger public safety. 'Endanger public safety' means there is a likelihood that the dismissal of the enhancement would result in physical injury or other serious danger to others." (§ 1385, subd. (c)(2).) As relevant here, the mitigating factors outlined in section 1385, subdivision (c)(2) include whether multiple enhancements were alleged in a single case, whether the current offense was connected to mental illness or to childhood trauma, and whether the defendant was a juvenile when the offense was committed.

A trial court's decision not to reduce a defendant's sentence under section 1172.75, subdivision (d) is reviewed for abuse of discretion. (*People v. Garcia* (2024) 101 Cal.App.5th 848; see also *People v. Carmony* (2004) 33 Cal.4th 367, 373.) In applying this standard, " 'we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious.'" (*People v. Clancey* (2013) 56 Cal.4th 562, 578.)

Jeffers argues the trial court abused its discretion by failing to "give consideration to [his] contention that the extremely serious injury he suffered soon after arriving in prison had an adverse effect on his subsequent conduct while imprisoned." Jeffers claims the court's "application of the law to the facts was arbitrary in its reliance on an incomplete [postconviction] record." We disagree.

Contrary to Jeffers's contention, the trial court fully considered his postconviction shooting injuries in the context of his entire record in prison. Indeed, the court noted that Jeffers's injuries did not stop him from threatening and engaging in actual violence years after the shooting. Despite

7

his injuries, Jeffers was still physically capable of engaging in fights as recently as 2018.  Thus, the court did consider Jeffers's diminished physical condition but found it did not reduce his risk for future violence under section 1172.75, subdivision (d)(3).

"[I]t is appellant's burden to affirmatively show error" by presenting "meaningful legal analysis supported by citations to authority and citations to facts in the record that support that claim of error." (*In re S.C.* (2006) 138 Cal.App.4th 396, 408)  Jeffers, however, fails to provide any meaningful analysis showing the trial court failed to consider the full record.  As indicated, the court explicitly acknowledged Jeffers's postconviction injuries and current age in determining that, notwithstanding such perceived mitigation, Jeffers continues to pose an unreasonable risk of harm to others given his record of prison violence, his unwillingness to take full responsibility for his crimes and ongoing behavioral issues, and his failure to meaningfully engage in suitable counseling and behavior modification therapy.  On this record, no abuse of discretion appears.

## DISPOSITION

The judgment is affirmed.

8

_____

Fujisaki, Acting P.J.

WE CONCUR:

_____

Petrou, J.

_____

Rodríguez, J.

*People v. Jeffers* (A168974)

9